NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: MARK ALAN SHOEMAKER,<br><br>Debtor.<br>_____<br><br>MARK ALAN SHOEMAKER,<br><br>Appellant,<br><br>v.<br><br>ALFRED H. SIEGEL, Chapter 7 Trustee; et al.,<br><br>Appellees. | No. 18-55182<br><br>D.C. No. 2:17-cv-02033-RGK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Chapter 7 debtor Mark Alan Shoemaker appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

court's judgment affirming the bankruptcy court's order dismissing Shoemaker's adversary proceeding against the Chapter 7 trustee and the trustee's attorneys. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision on appeal from a bankruptcy court and apply the same standards applied by the district court. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court properly dismissed as barred by the litigation privilege Shoemaker's fraud claims against defendants Siegel, Friedman, and Levene, Neale, Bender, Yoo & Brill LLP ("LNBYB"), and Shoemaker's breach of fiduciary duty claim against defendant Siegel. *See* Cal. Civ. Code § 47(b); *Graham–Sult v. Clainos*, 756 F.3d 724, 741-42 (9th Cir. 2014) (discussing California's litigation privilege).

The bankruptcy court properly dismissed Shoemaker's negligence and breach of fiduciary duty claims against defendants Lewis, Friedman, and LNBYB because Shoemaker failed to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Hayes v. County of San Diego*, 305 P.3d 252, 255-56 (Cal. 2013) (elements of a negligence claim); *Knox v. Dean*, 140 Cal. Rptr. 3d 569, 582-83 (Ct.

App. 2012) (elements of breach of fiduciary duty claim).

The bankruptcy court properly dismissed on the basis of quasi-judicial immunity Shoemaker's negligence and negligent misrepresentation claims against defendant Siegel, and his negligent misrepresentation claims against defendants Friedman and LNBYB, because defendants' acts were within the scope of the authority conferred upon them by statute or the court. *See Harris v. Wittman (In re Harris)*, 590 F.3d 730, 742 (9th Cir. 2009) (a bankruptcy trustee and trustee's court-approved attorneys enjoy quasi-judicial immunity when acting within the scope of their authority and pursuant to court order).

The bankruptcy court did not abuse its discretion in denying Shoemaker further leave to amend because Shoemaker failed to cure the deficiencies identified by the bankruptcy court despite an opportunity to do so. *See Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007) (standard of review).

**AFFIRMED.**