NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  S AND B SURGERY CENTER, | No.    20-56171 |
| Debtor, | D.C. No. 2:20-cv-02316-CJC |
| LAWFUND MANAGEMENT GROUP, LLC, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| S AND B SURGERY CENTER CREDITOR TRUST; et al., | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted October 4, 2021
Pasadena, California

Before:  GRABER and OWENS, Circuit Judges, and BREYER,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

LawFund Management Group, LLC ("LawFund") appeals from the district court's order affirming the bankruptcy court's dismissal of LawFund's First Amended Complaint against S and B Surgery Center Creditor Trust ("Trust") and Buchalter, APC, attorney for the Trust ("Buchalter"). LawFund alleged breach of fiduciary duty, breach of contract, and other claims arising out of the bankruptcy of S and B Surgery Center.

We review de novo a district court's decision on appeal from a bankruptcy court. *Dreyfuss v. Cory (In re Cloobeck)*, 788 F.3d 1243, 1245 (9th Cir. 2015). We review de novo a bankruptcy court's dismissal for failure to state a claim, and review for an abuse of discretion a denial of leave to amend. *Turner v. Wells Fargo Bank NA (In re Turner)*, 859 F.3d 1145, 1148 (9th Cir. 2017).

As the parties are familiar with the facts, we do not recount them here. We affirm in part, reverse in part, and remand.

1. The bankruptcy court properly dismissed LawFund's breach of fiduciary duty claim against Buchalter because LawFund failed to allege sufficiently that it had a fiduciary relationship with Buchalter, the Trust's attorney. *See Knox v. Dean*, 140 Cal. Rptr. 3d 569, 582-83 (Ct. App. 2012) (stating that the elements of a breach of fiduciary duty claim include "the existence of a fiduciary relationship" (citation omitted)). LawFund argues that a fiduciary relationship arose from Buchalter's conduct, relying on *Cleveland v. Johnson*, 147 Cal. Rptr. 3d 772, 791

(Ct. App. 2012). However, even if conduct can create a fiduciary relationship, LawFund's allegations fail to show that Buchalter was acting "on behalf and for the benefit of" LawFund. *Id.* (citation omitted).

2. The bankruptcy court also properly dismissed LawFund's conversion claim against Buchalter because the claim is premised on a contractual right to payment. *See Bino v. Bailey (In re Bailey)*, 197 F.3d 997, 1000 (9th Cir. 1999) (Under California law, "a mere contractual right of payment, without more, does not entitle the [plaintiff] to the immediate possession necessary to establish a cause of action for the tort of conversion.").

3. Likewise, the bankruptcy court properly dismissed LawFund's claim for money had and received against Buchalter because the claim rests on the same facts and seeks the same recovery as LawFund's breach of fiduciary duty and conversion claims. *See McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 127 (Ct. App. 2004) ("When a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count . . . must stand or fall with" the underlying cause of action.).

4. The bankruptcy court did not abuse its discretion by denying LawFund leave to amend its claims against Buchalter because amendment would be futile. *See In re Turner*, 859 F.3d at 1151.

5. The bankruptcy court properly dismissed LawFund's breach of contract claim against the Trust regarding the Trust's failure to cooperate in suing Buchalter for malpractice. LawFund failed to allege sufficiently that the parties' agreements required that the Trust cooperate in prosecuting a malpractice claim against Buchalter.

The bankruptcy court determined in a prior related action that the malpractice claim was not assigned under the parties' agreements because, among other reasons, California law prohibits the assignment of legal malpractice claims. LawFund's contention that the Trust nevertheless relinquished its right to manage the malpractice claim is unpersuasive. The clause stating that the Trust was "assigning the proceeds from any recovery on its personal and non-assignable Connected Claims" did not give LawFund the authority to manage the malpractice claim or require the Trust to prosecute the malpractice claim. And the agreements' definition of "Claims" does not encompass the malpractice claim because the defendant's liability must "aris[e] out of [the] loan transaction by Fortress," and a malpractice claim against Buchalter does not do so.

6. Likewise, the bankruptcy court properly dismissed LawFund's claim for declaratory relief against the Trust because it rests on the allegations that the Trust breached its agreements by failing to cooperate with suing Buchalter for malpractice. And the bankruptcy court did not abuse its discretion by denying

4

LawFund leave to amend its claims related to the Trust's failure to cooperate with suing Buchalter for malpractice because amendment would be futile. *Id.*

7. However, the bankruptcy court erred in dismissing LawFund's breach of contract claim against the Trust arising from LawFund's not receiving its share of the Rosen Plan payments per the parties' agreements. LawFund alleged that Buchalter, as attorney for the Trust, is the Trust's agent and that the Trust is vicariously liable for Buchalter's actions in withholding the Rosen Plan payments.

"The relationship of attorney and client is one of agent and principal." *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 131 Cal. Rptr. 2d 777, 788 (Ct. App. 2003). "Hence, the client as principal is bound by the acts of the attorney-agent within the scope of his actual authority (express or implied) or his apparent or ostensible authority; or by unauthorized acts ratified by the client." *Blanton v. Womancare, Inc.*, 696 P.2d 645, 649 (Cal. 1985) (citation and internal quotation marks omitted); *see also CPI Builders, Inc. v. Impco Techs., Inc.*, 114 Cal. Rptr. 2d 851, 856 (Ct. App. 2001).

Here, construing the allegations in the light most favorable to LawFund, LawFund sufficiently alleged that Buchalter was acting within the scope of its authority as the Trust's attorney when receiving and distributing the Rosen Plan payments. The Trust's reliance on *Barenborg v. Sigma Alpha Epsilon Fraternity*,

244 Cal. Rptr. 3d 680, 693 (Ct. App. 2019), is misplaced.  That case does not concern an attorney-client relationship.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED**.