**Steven G. MILLETT, on behalf of himself and all others similarly situated; et al., Plaintiffs–Appellants,**

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.; et al., Defendants–Appellees.**

No. 07–56685.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2009.

Filed March 13, 2009.

Michael West Blanton, Swanson Midgley, LLC, Kansas City, MO, for Plaintiffs–Appellants.

Meir Feder, Jones Day, New York, NY, James D. Griffin, Esquire, Blackwell Sanders Peper Martin, Kansas, KS, William E. Marple, Esquire, Jones Day, Dallas, TX, Daniel J. McLoon, Esquire, Jones Day, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, GRABER, and WARDLAW, Circuit Judges.

MEMORANDUM *

Plaintiffs Steven and Melody Millett assert California statutory and contractual claims against Defendants Experian Information Solutions, Inc., a credit reporting company, and its affiliate entity, ConsumerInfo.com, Inc. The district court entered summary judgment in favor of Defendants and denied Plaintiffs' request for reconsideration.

■■■ 1. On de novo review, *Humanitarian Law Project v. Mukasey*, 509 F.3d 1122, 1130 (9th Cir.2007), we affirm the summary judgment in favor of Defendants as against Melody Millett. She did not purchase Credit Manager and, therefore, lacks standing under the California Consumers Legal Remedies Act ("CLRA"). *See Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal.App.4th 949, 23 Cal.Rptr.3d 233, 241 (2005) (holding that wife lacked standing to challenge, under CLRA, husband's purchase of a ring, because wife was not party to the consumer transaction at issue). Similarly, Melody Millett was not a party to the contract allegedly breached and does not allege that she was a third-party beneficiary of it. *See id.* at 240–41.

2. With respect to Steven Millett, we affirm the summary judgment in favor of Defendants on the contract claim, for the reasons explained by the district court.

3. With respect to Steven Millett's CLRA claims, we vacate and remand for reconsideration in light of the California Supreme Court's intervening decision in *Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634, 88 Cal.Rptr.3d 859, 200 P.3d 295 (2009). There, the California Supreme Court held that a consumer, such as Mr.

Millett, lacks standing under the CLRA unless he has suffered actual damage as a result of an alleged unlawful practice.

■■■ 4. Finally, we review for abuse of discretion the district court's denial of a motion to reconsider. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We find no error in the court's decision not to consider the consumer survey evidence, because it was not "new evidence" as required by Local Rule 7–18.

AFFIRMED in part; VACATED AND REMANDED in part. The parties shall bear their own costs on appeal.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

