Filed 9/9/14  Stock v. Judicial Council CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| EUGENE A. STOCK, | |
| Plaintiff and Appellant, | E058769 |
| v. | (Super.Ct.No. RIC1213785) |
| JUDICIAL COUNCIL, et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge. Affirmed.

Eugene A. Stock, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General and Kristin G. Hogue and Michelle L. Grant, Deputy Attorneys General, for Plaintiff and Respondent.

Plaintiff and Appellant Eugene A. Stock (Stock) challenges the trial court's order dismissing his complaint after sustaining the defendant's demurrer without leave to amend.  This matter began with a small claims action in 2008.

1

Stock is the successor-in-interest of the Stock Charitable Remainder Trust (Trust). The Trust unsuccessfully commenced an action in small claims court against Robert Sheerer on a promissory note secured by a deed of trust. Stock subsequently filed another suit in the superior court, apparently against the same defendant on the same matter. Stock settled this suit, allegedly to his detriment, on February 22, 2011. Stock subsequently filed the current suit in the superior court against the Judicial Council and two small claims court clerks. Stock generally alleged the clerks incorrectly reported the outcome of the 2008 small claims matter and that this caused him to settle the superior court suit in 2011. Stock challenges the trial court's judgment of dismissal after granting the defendants' demurrer without leave to amend.

As discussed below, we conclude Stock did not carry his burden to establish any error whatsoever, and for this reason we affirm the judgment.[1]

## FACTS AND PROCEDURE

On September 10, 2012, Stock filed a complaint in the Riverside Superior Court, naming as defendants the Judicial Council, C. Williams, and Christina Smith, and seeking more than $300,000 in damages. Stock alleged that C. Williams was the trial clerk in the Small Claims Division of the superior court, in which Stock had pursued litigation in 2008 regarding a promissory note secured by a deed of trust. Stock further alleged that C. Williams and/or another clerk, Christina Smith, made one or more mistakes in reporting the outcome of the litigation. Stock alleged that these actions took place on or

---

[1] Respondent's request for judicial notice filed on March 10, 2014, is denied.

2

about the small claims trial date of September 26, 2008, and October 3, 2008, the date the court mailed an allegedly erroneous notice to the parties regarding the judgment. Stock alleged that he attempted on several occasions to have the court correct the erroneous judgment, to no avail. Because of these mistakes, Stock alleged, he then had to initiate another action in the superior court on that matter, which, on the advice of counsel, he settled to his detriment by agreement dated February 22, 2011.

On November 26, 2012, the Attorney General filed on behalf of the defendants a demurrer to the complaint.

On January 7, 2013, the trial court made an oral ruling sustaining the demurrer without leave to amend.

On January 14, 2013, the trial court rejected an amendment to the complaint that Stock attempted to file. The reason for the rejections was that Stock did not have leave to amend the complaint.

On January 29, 2013, Stock filed a motion for reconsideration, which the defendants opposed on February 27, 2013. The trial court heard the motion on March 13, 2013 and denied the motion on the ground that Stock "did not provide the requisite new or different facts, circumstances, or law."

On March 20, 2013, the trial court filed its written order sustaining the defendants' demurrer without leave to amend and entered judgment in favor of the defendants. The grounds for the ruling are: (1) Stock failed to comply with the claims filing requirements of the Government Claims Act; (2) the Judicial Council is immune from liability under Government Code section 818.8; (3) the two small claims court clerks are immune from

3

liability under Government Code section 822.2; and (4) Stock is collaterally estopped from relitigating the small claims judgment.

This appeal followed.

**DISCUSSION**

The appellate court reviews de novo the trial court's rulings sustaining defendants' demurrers without leave to amend. (*Schauer v. Mandarin Gems of Cal., Inc.* (2005) 125 Cal.App.4th 949, 955.) "The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)

On appeal, the judgment is presumed to be correct. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.) The appellant therefore has the burden to demonstrate, by legal argument and citation to authority and to the record, that the trial court committed prejudicial error. The reviewing court need not independently search the record for error. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522-523.)

Here, Stock challenges the trial court's decisions: (1) sustaining the demurrer without leave to amend; and (2) declining to continue the date set for hearing on Stock's Motion for Reconsideration.

Stock's opening brief in this appeal consists of approximately one typed page of argument. Stock appears to argue that court erred in sustaining the demurrer because the

4

unspecified (even in the complaint) cause of action did not accrue until February 22, 2011, which is the date Stock entered into an agreement with Robert Sheerer to settle the superior court action.  However, Stock does not set forth the law on government claims time limitations, nor does he explain how he has complied with those limitations.  Neither does he even challenge the other three grounds for the demurrer.  Stock similarly fails to support his contention that the judgment should be reversed because the trial court declined to continue the hearing date for the Motion for Reconsideration.

Stock has failed to carry his appellant's burden to establish reversible error.

### DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                                                    P. J.


We concur:

McKINSTER
                             J.

CODRINGTON
                             J.

5