Filed 4/25/23  Huff v. Securitas Security Services USA CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FORREST A. HUFF, as Personal Representative of The Estate of Forrest C. Huff, etc.,<br><br>    Plaintiff, Appellant, and Cross-Respondent,<br><br>    v.<br><br>SECURITAS SECURITY SERVICES USA, INC.,<br><br>    Defendant, Respondent, and Cross-Appellant. | H048684<br>(Santa Clara County<br> Super. Ct. No. 1-10-CV-172614) |

Forrest C. Huff sued his former employer, Securitas Security Services USA, Inc., for multiple Labor Code violations under the Labor Code Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698, et seq.).  The action was tried to the court.  Mr. Huff passed away after trial but before a decision was issued.  His son, Forrest A. Huff, moved for an order allowing him to prosecute the suit as the personal representative of his father's estate.  The trial court granted that motion but rendered a decision in favor of Securitas on all claims.  Both parties appeal.  The son contends the judgment should be reversed because the trial court's findings are not supported by the evidence.  Securitas contends the result is ultimately correct and should be affirmed because it was error to allow the son to substitute into the action as the plaintiff.  Because a representative PAGA cause of action is not a transferable property interest, we agree the trial court was

incorrect to allow the son to pursue this action on behalf of his father's estate. But as the judgment for Securitas is the correct outcome, we will affirm it.

## I. BACKGROUND

The elder Forrest Huff worked as a security guard for Securitas Security Services, a company that contracts with businesses to provide on-site security. He was employed by Securitas for about a year. After his employment ended he sued Securitas for Labor Code violations. He brought the suit as a representative action under PAGA, which allows an employee who suffered a Labor Code violation to sue on behalf of the state to collect monetary penalties for any Labor Code violations the employer committed. The suit alleged a violation of Labor Code section 201.3(b)(1)(A), requiring temporary services employers to issue paychecks weekly, and it sought penalties for that violation along with other violations involving failure to timely pay wages.

The matter was tried to the court, which initially ruled against the elder Mr. Huff, finding he could not prevail on his PAGA claims because he did not show the violations at issue personally affected him. But the court then granted a new trial, deciding that under PAGA, a plaintiff is allowed to bring representative claims for Labor Code violations that may have affected only other employees. Securitas appealed that decision, and the new trial ruling was affirmed. In that first appeal this court held that PAGA allows a person affected by at least one Labor Code violation committed by an employer to pursue penalties for all Labor Code violations committed by that employer.

The case was remanded and the new trial was conducted in June 2019. At its conclusion the court took the matter under submission and directed the parties to submit post trial briefing. Mr. Huff died before the close of briefing. Securitas moved for dismissal on the ground that a decedent's estate is not permitted to pursue PAGA litigation. Plaintiff's counsel countered by moving for an order substituting Mr. Huff's son as the plaintiff, in the capacity of personal representative of his father's estate. The trial court granted that motion and allowed the son to continue the action as the plaintiff.

2

The court issued a tentative statement of decision six weeks later in favor of Securitas, adopted it with minor changes as the final decision, and entered a defense judgment.

## II.    DISCUSSION

We begin by addressing Securitas' appellate contention because it is dispositive. Securitas contends the trial court should have granted its motion to dismiss the case because a claim brought by an employee under PAGA does not create an assignable property interest and therefore cannot survive the employee's death. Whether a PAGA claim survives the plaintiff's death is a legal question we review de novo. (*San Luis Rey Racing, Inc. v. California Horse Racing Bd.* (2017) 15 Cal.App.5th 67, 73.)

Mr. Huff's son asserts the answer is found in the statutes governing survivability of civil causes of action, Code of Civil Procedure sections 377.20, 377.21, and 377.30.[1] Together those statutes provide that a civil action survives the plaintiff's death as a general rule. Code of Civil Procedure section 377.21 states that a "pending action or proceeding does not abate by the death of a party if the cause of action survives." Code of Civil Procedure section 377.20 says that "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." And Code of Civil Procedure section 377.30 allows the personal representative of a decedent's estate to pursue a surviving cause of action.

But a cause of action under PAGA is different from a typical cause of action. Plaintiffs in PAGA actions are not seeking relief on their own behalf; they are suing in a representative capacity on behalf of the State of California. (*Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 501.) As the statute's name suggests (the "Labor Code Private Attorneys General Act of 2004"), its effect is to deputize private parties to act for the Attorney General in enforcing state labor laws. Under PAGA, "the plaintiff is not

---

[1] The son has filed two requests for judicial notice of certain legislative history related documents. Both requests are unopposed and are granted.

even the real party in interest in the action—the government is." (*Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745, 757.) The relief provided by the statute is designed to benefit the general public, not the party bringing the action. (*Brown v. Ralphs Grocery Co.*, *supra*, at p. 501.) Given those characteristics, a PAGA cause of action is not a property interest—it is a right to pursue a claim to collect penalties on behalf of the state. That contrasts with a typical cause of action, which is a personal property interest. (See *Schauer v. Mandarin Gems of Cal., Inc.* (2005) 125 Cal.App.4th 949, 956 ["A cause of action for damages is itself personal property."].) As personal property, a cause of action can be freely assigned (Civ. Code, § 954) and on the plaintiff's death is properly part of the decedent's estate. (Code Civ. Proc. §§ 377.20; 377.30.) A representative PAGA cause of action, however, is not an existing property interest but rather the right to pursue a claim on behalf of another. It is therefore outside the scope of the survival statutes, which do not govern whether a PAGA cause of action can be pursued by the personal representative of a deceased plaintiff's estate.

At oral argument Mr. Huff's counsel distinguished a "claim" versus a "cause of action"—essentially arguing that a claim refers to a legally cognizable injury for which one can seek legal recourse, while a cause of action refers to the procedural mechanism for seeking that recourse. But whatever the merits of the distinction in the abstract, it does not alter the application of the survival statutes: they apply only to a personal cause of action and not to a *representative* cause of action, which is something different. PAGA confers only a right for an "aggrieved employee" (i.e., an employee against whom one or more Labor Code violations have been committed) to pursue civil penalties for any violations the employer has committed. (Lab. Code, § 2699, subds. (a), (c).) With that provision the Legislature granted qualifying employees broad authority to pursue Labor Code violations, even those that did not personally affect them. (See *Huff v. Securitas Security USA, Inc.*, *supra*, 23 Cal.App.5th 745, 752.) But the Legislature has not gone so far as to allow that right to be transferred to someone else. A cause of action

4

under PAGA cannot be assigned. (*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court* (2009) 46 Cal.4th 993, 1003.) Nor has the Legislature anywhere provided that the right to pursue a representative PAGA action survives a plaintiff's death.

We agree with *Hargrove v. Legacy Healthcare, Inc.* (2022) 80 Cal.App.5th 782, 792, in which the Fourth District Court of Appeal recently decided that substituting in a new plaintiff is not permitted even "to avoid the harsh reality" of a PAGA claim's termination due to the representative plaintiff's death. We note too the same issue has been considered by two federal district courts, which both concluded that PAGA claims cannot be pursued by a deceased plaintiff's successor in interest. (See *Khanna v. Inter-Con Security Systems* (E.D. Cal. 2009) 2009 U.S. Dist. LEXIS 133645, *11; *Estate of Harrington v. Marten Transport, Ltd.* (C.D. Cal. 2017) 2017 U.S. Dist. LEXIS 192220, *7.)

Because a PAGA cause of action is not a transferable property interest and cannot be pursued by the personal representative of a deceased plaintiff's estate, the trial court should have granted Securitas' motion to dismiss. (See *Hargrove v. Legacy Healthcare, Inc.*, *supra*, 80 Cal.App.5th 782, 789 [plaintiff's death requires dismissal of PAGA claim].) But as the trial court ultimately entered judgment for Securitas, that outcome need not be disturbed. (*Estate of Kampen* (2011) 201 Cal.App.4th 971, 1000 ["If the decision of the trial court is correct on any theory of law applicable to the case, the appellate court will affirm the judgment, whether the trial court's reasons were correct or not."].)

### III.    DISPOSITION

The judgment is affirmed. In the interest of justice, each party shall bear its own costs on appeal.

5

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H048684 - *Huff v. Securitas Security Services USA, Inc.*