**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JENNIFER GEORGE RAMOS; et al., | No. 16-15459 |
| Plaintiffs-Appellants, | D.C. No. 5:14-cv-04713-PSG |
| v. | |
| THOMAS G. RAMOS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding**

Submitted May 24, 2017***

Before:      THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Jennifer George Ramos, Moises G. Ramos, Catherine R. Volkman, and

Susan Nellie R. Nisperos appeal pro se from the district court's order dismissing

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

their diversity action alleging state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed plaintiffs' breach of fiduciary duty claim because plaintiffs failed to allege facts sufficient to show that a fiduciary relationship existed. *See Knox v. Dean*, 140 Cal. Rptr. 3d 569, 582-83 (Ct. App. 2012) (setting forth elements of breach of fiduciary duty claim under California law).

The district court properly dismissed plaintiffs' concealment claim because plaintiffs failed to allege facts sufficient to show that defendants owed a duty to disclose the facts to plaintiffs and that defendants intentionally concealed facts. *See id*. at 583 (setting forth elements of concealment claim under California law).

Dismissal of plaintiffs' intentional misrepresentation claim was proper because plaintiffs failed to allege facts with the specificity required by Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing Rule 9(b)'s specificity requirement); *see also Lazar v. Superior Court*, 909 P.2d 981, 984-85 (Cal. 1996) (setting forth elements

of claim for fraud based on intentional misrepresentation under California law).

The district court properly dismissed plaintiffs' conspiracy claim because plaintiffs failed to allege facts sufficient to show that defendants committed an underlying civil wrong resulting in damage. *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997) ("Under California law, there is no separate and distinct tort cause of action for civil conspiracy.").

The district court did not abuse its discretion in severing defendant Fabros from the action. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000) (setting forth standard of review and explaining that the district court has broad discretion in decisions regarding severance).

The district court did not abuse its discretion in denying plaintiffs' motion for leave to file a motion for reconsideration because plaintiffs failed to set forth any basis that would warrant reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We do not consider arguments or facts that were not presented to the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

16-15459